IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DR. EMMANUEL AZZUN, )
)
        Plaintiff, )
)
v. ) Case No. 10-2009-JWL
)
KANSAS DEPARTMENT OF HEALTH )
AND ENVIRONMENT, )
)
        Defendant. )

# ORDER

This case comes before the court on three motions filed by the pro se plaintiff, Dr. Emmanuel Azzun. The first motion is labeled "Motion to Appeal for a Counsel" **(doc. 9)**, which the court will construe as a motion for reconsideration of the court's order denying plaintiff's request for appointment of counsel (doc. 5). Also before the court is plaintiff's motion for an order directing the Kansas Department of Health and Environment ("KDHE"), the named defendant in this case, to produce its "employment hiring record" **(doc. 8)**. Finally, plaintiff has filed a motion requesting that he be placed on a payment plan for paying the court's filing fee **(doc. 7)**.

**A.**     **Motion for Reconsideration of Order Denying Appointment of Counsel**

On January 11, 2010, the court denied plaintiff's request for appointment of counsel (doc. 5). The court noted that in civil actions, such as this one, there is no constitutional right

to appointed counsel.[1] The decision whether to appoint counsel lies solely in the court's discretion, which should be based on a determination that the circumstances are such that justice requires appointment of counsel.[2] The court encouraged plaintiff to contact the Lawyer Referral Service to obtain names of attorneys in the Emporia and Kansas City area who handle cases such as this one. The court further held that plaintiff's claims do not seem particularly meritorious and that plaintiff appears capable of preparing and presenting the case without the aid of counsel. The court noted that this case involves relatively simple facts, and that plaintiff, without the aid of counsel, should be able to explain to the court why he believes defendant discriminated against him.

In the instant motion for reconsideration, plaintiff states that he has contacted several lawyers and the Lawyer Referral Service, but has been unable to secure an attorney. He further makes the conclusory statement that "[w]ithout doubt, there are merits to plaintiff['s] complaint."

D. Kan. Rule 7.3(b) permits a party to file a motion seeking reconsideration of a non-dispositive order. The motion must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[3] Whether to grant or deny a motion for reconsideration is committed to

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] *Id.*

[3] D. Kan. Rule 7.3(b).

the court's discretion.[4]  A motion to reconsider gives the court the opportunity to correct manifest errors of law or fact and to review newly discovered evidence.[5]  A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence.[6]

The court has considered plaintiff's motion and the information he has presented noting his efforts to find an attorney to represent him in this matter.  While the court agrees with plaintiff that he has been diligent in his efforts, the court remains convinced that plaintiff can adequately represent himself in this case.  For example, plaintiff articulated his claim very clearly in his complaint. Moreover, plaintiff's claim does not involve complicated facts.  The court remains confident that plaintiff is capable of preparing and presenting his case pro se and that the district court judge will be able to discern the applicable law.  Accordingly, plaintiff's motion for reconsideration **(doc. 9)** is denied.

**B.**     **Motion for Order Directing the KDHE to Produce Records**

Plaintiff asks the court to order the KDHE to produce its records related to hiring and employment between February 2005 and June 2009.  Plaintiff asserts that these records will

---

[4]*Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[5]*Comm. for the First Amendment v. Campbell*, 962 F.4 2d 1517, 1523 (10th Cir. 1992).

[6]*Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981); *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

help establish his claim of discrimination. The court denies plaintiff's request because it is premature. The KDHE has not yet been served with a copy of plaintiff's complaint. Once this occurs, Fed. R. Civ. P. 26 sets forth a procedure for the development of a discovery plan that would encompass the exchange of documents. Thus, plaintiff's motion for the production of records **(doc. 8)** is denied.

**C.     Motion for Payment Plan**

On January 7, 2010, plaintiff filed a motion requesting that he be permitted to file this action without payment of fees or security (doc. 3). Plaintiff included an affidavit of his financial status as an attachment to that motion. On January 11, 2010, the court entered an order that recognized plaintiff's unemployed status but found that plaintiff has sufficient financial resources to pay the court's filing fee (doc. 6). Plaintiff's instant motion states that he must use his unemployment compensation to contribute to the support of his four children and to travel to job interviews. He requests that the court permit him to pay $20.00 weekly towards the filing fee.

Considering the information in plaintiff's financial affidavit and his representations in the instant motion, the court will grant plaintiff leniency in paying his filing fee (though not as much leniency as plaintiff requests). The court will divide the $350.00 filing fee into two equal payments. Plaintiff shall have until **January 29, 2010** to make a payment of $175.00. Plaintiff shall have until **February 26, 2010** to make the remaining $175.00 payment. If plaintiff fails to meet either of these deadlines for partial payment of the filing fee, the undersigned magistrate judge will recommend to the district judge that this case be

dismissed without prejudice. Plaintiff's motion for a payment plan **(doc. 7)** is therefore granted in part and denied in part.

Plaintiff is hereby informed that, within fourteen days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for the district court judge to review this order. Plaintiff must file any objections within the fourteen-day period if he wants to have appellate review of this order. If no objections are timely filed, no appellate review will be allowed by any court.

Copies of this order shall be sent by regular mail and certified mail to the pro se plaintiff.

Dated this 14th day of January, 2010, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge