# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

EMMANUEL M. AZZUN, )
)
Plaintiff, )
) CIVIL ACTION
v. )
) Case No. 10-2009-KHV
KANSAS DEPARTMENT OF HEALTH )
AND ENVIRONMENT, )
)
Defendant. )
_____)

## MEMORANDUM AND ORDER

Plaintiff brings suit pro se against the Kansas Department of Health and Environment ("KDHE"), alleging race and national origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This matter comes before the Court on the Memorandum In Support Of Defendant's Motion For Summary Judgment (Doc. #38) filed October 13, 2010 which the Court construes as a motion for summary judgment.[1] For reasons set forth below, the Court finds that defendant's motion should be sustained.

---

[1] On October 13, 2010, defendant filed two documents titled "Memorandum In Support Of Defendant's Motion For Summary Judgment." See Doc. #38 and Doc. #39. The first is a two-page document which states in part as follows:

> KDHE asks the court to grant this motion for summary judgment because (1) plaintiff's race and national origin discrimination claims were not properly exhausted; and (2) the undisputed facts show that KDHE had legitimate, non-discriminatory reasons for not hiring plaintiff. In support of this motion, Defendants [sic] will contemporaneously file their Memorandum in Support of Defendants' [sic] Motion for Summary Judgment.

Doc. #38 at 1. The second document is a 13-page memorandum in support of the motion for summary judgment with supporting exhibits. See Doc. #39.

## Legal Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Liberty Lobby, 477 U.S. at 248. The inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52.

A "genuine" factual dispute requires more than a mere scintilla of evidence. Id. at 252. The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, Okla., 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which [she] carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). And, while the Court views the record in a light most favorable to the party opposing summary judgment, the nonmoving party may not rest on his pleadings but must set forth specific facts. Id. The nonmoving party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial. Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment is appropriate. Liberty Lobby, 477 U.S. at 250-51.

**Facts**

The following facts are uncontroverted or, where controverted, viewed in the light most favorable to plaintiff.[2]

Emmanuel Azzun is a black male who was born in Nigeria. Pretrial Order (Doc. #33) at 2. On April 9, 2009, plaintiff filed a complaint with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC") alleging that KDHE engaged in employment discrimination under Title VII of the Civil Rights Act. See id. at 2. On May 31, 2009, plaintiff applied for a job with KDHE as a Worksite Wellness Specialist (position number 163637). KDHE did not interview or hire plaintiff for the position. See id. at 3. On August 4, 2009, plaintiff filed an administrative charge with the KHRC and the EEOC, alleging retaliation under Title VII of the Civil Rights Act. On the Administrative Charge in August of 2009, plaintiff marked only the space for retaliation, and then alleged as follows:

    I.     I have previously filed a discrimination complaint against [KDHE], the charge number is 32718-09.
    II.    I applied for the Health Educator position with the Respondent in

---

[2] In responding to defendant's motion for summary judgment, plaintiff did not comply with D. Kan. Rule 56. 1, the local rule which governs summary judgment. The rule requires a party opposing a motion for summary judgment to begin the opposition with a section that contains a concise statement of material facts as to which the party contends a genuine issue exists, separately numbering by paragraph each fact in dispute, referring with particularity to the portions of the record upon which the opposing party relies, and (if applicable) stating the number of movant's fact that is disputed. D. Kan. Rule 56.1(b). All material facts set forth in the movant's statement shall be deemed admitted unless specifically controverted by the opposing party. D. Kan. Rule 56.1(a).

Plaintiff has simply responded to defendant's fact statement with argument and unsupported factual allegations. Plaintiff also speculates – without referring to the record – that the documents which defendant produced in discovery were forged or made up. Despite this, because plaintiff proceeds pro se, the Court has diligently searched plaintiff's briefs and attachments to determine whether genuine issues of material fact preclude summary judgment. See Jackson v. Yellow Logistics, Inc., 24 F.Supp.2d 1206, 1209 (D. Kan. 1998).

>             April 2009, and in May 2009.
> III.        In April 2009, and in May 2009, I was denied a position of employment.

**<u>KDHE Hiring Process</u>**

Cindy Kraus is Human Resources Recruitment Manager for KDHE. She held this position from September of 1997 to June of 1999, and from March of 2007 to the present. Her duties include managing the recruitment and selection process within KDHE, overseeing the hiring process and maintaining recruitment records in accordance with the Records Retention Act. When KDHE needs to fill a position, the supervisor reviews the position description. Other KDHE employees, including the Human Resources ("HR") Classification Manager and the Recruitment Manager, must approve the description. The Recruitment Manager ensures that a screening tool includes only job-specific preferred and required skills. KDHE then advertises the position.

After the deadline for applications, the supervisor of the position reviews applications for minimum required qualifications. The supervisor scores the applicants who meet minimum qualifications for preferred skills according to the screening tool. KDHE then contacts all applicants who meet the cutoff point of the screening tool for an interview.[3] The supervisor conducts interviews and submits a hire recommendation to HR for verification of references and final review. Once HR approves the hire recommendation, the Recruitment Manager mails a hire letter.

KDHE does not hire administrators for private nursing homes and has no role in hiring administrators in nursing homes. KDHE is not involved in hiring employees for non-KDHE positions. Employees in the KDHE Health Occupations Credentialing program were not involved

---

[3] KDHE does not invite applicants who do not meet the cutoff point of the screening tool, who do not meet the minimum qualifications of the position, or whose applications are incomplete.

4

in the hiring decision for any of the KDHE positions for which plaintiff applied.

**Plaintiff's Application For Public Service Executive I Wellness Specialist Position**

KDHE Position Number K0218406, Requisition No. 163637, Public Service Executive I, Worksite Wellness Specialist, was open for applications from May 29 until June 19, 2009. The minimum qualifications were a bachelor's degree and one year of experience in planning, organizing and directing the work of a department, program or agency. The preferred education, experience and skills were as follows:

> [A] master's degree in public health or related degree; computer skills in Word, Excel, PowerPoint, Access; proofreading, editing, attention to detail; ability to communicate effectively orally and in writing; experience in planning, developing, implementing, coordinating and/or providing programmatic interventions in worksite settings; experience developing documents and presentations for professionals in the work place; excellent interpersonal skills; ability to express oneself clearly and effectively both orally and in writing; demonstrated ability to organize, evaluate, and correlate the work of groups and individuals with respect to overall program planning; demonstrated ability to prepare grant proposals, reports and other written documents; knowledge of human resource management, population health management, corporate wellness, and disease management or related fields of worksite wellness; knowledge of chronic disease prevention issues related to heart disease and stroke, diabetes, arthritis and their risk factors including blood pressure, cholesterol, weight management, nutrition and physical activity.

Id.

On May 31, 2009, plaintiff submitted an application for the Worksite Wellness Specialist position. Plaintiff's application did not include required information regarding employment history, work experience and reference information.[4] Kraus Aff. On June 1, 2009, KDHE informed plaintiff

---

[4] Plaintiff's application and resume reflected that he had a Bachelor of Science degree in Business Management with an emphasis in Gerontology from Emporia State University; a Master of Science in Healthcare Administration from Wichita State University; and 57 hours toward a doctorate at Oklahoma State University. His application and resume stated that KDHE licensed him as an adult nursing home administrator from January 13 until June of 2005, and that Oklahoma licensed him as an assisted and residential nursing home administrator from April 2, 2002 through
(continued...)

that his application was incomplete and that unless it received the complete application by June 19, 2009, KDHE would not consider his application. Plaintiff did not complete his application and therefore KDHE did not consider him for the position. On August 13, 2009, KDHE sent plaintiff a letter informing him that KDHE had not hired him for the Worksite Wellness Specialist position.

On November 8, 2009, KDHE hired Missty Slater for the Worksite Wellness Specialist position. Slater had a Bachelor of Arts in Health Education and Promotion, experience developing and implementing a worksite wellness program at a local medical center, competency with worksite wellness concepts, experience making presentations and writing grants and excellent references.

---

[4](...continued)
April 2, 2004, and from June through December of 2005. Plaintiff claims the following work experience:

    a. Administrator at the Green Park Nursing and Rehab Center in Tulsa, Oklahoma from May 2006 to May 2007 (Ex. A-8, AG001029)
    b. Interim Administrator of the Osborne Care and Rehab in Miami, Oklahoma from June 2005 to April 2006 (Ex. A-2, AG 000997; Ex. A-8, AG 001029)
    c. Nursing school at West County Technical School in Chesterfield, Missouri from September 2004 to December 2004 (Ex. A-2, AG 000997)
    d. Administrative Programmer at the University of Missouri in St. Louis, MO from June 2003 to July 2004 (Ex. A-1, AG 000992).
    e. Substitute Teacher for the St. Louis Board of Education from August 2002 to May 2003
    f. Administrator of the Elk City Nursing Home from August 2001 to November 2001
    g. Adjunct Professor at Oklahoma State University from January 2001 to May 2001 (Ex. A-2, AG 000997)
    h. Residential Head Manager at Langston University in Langston, Oklahoma, from December 1997 to May 2001 (Ex. A-2, AG 000997)
    i. Volunteer at the Veterans Administration in Oklahoma City, Oklahoma from 1997 to 1999 (Ex. A-2, AG 000998)
    j. Property Manager at the OK Correctional Center in Helena, OK in 1997 (Ex. A-2, AG 000996)
    k. AIT/Assistant Administrator of the Evergreen Nursing Home in Del City, Oklahoma from January 1996 to December 1996 (Ex. A-1, AG 000991)
    l. Intern at the Sedgwick County Health Department in Wichita, Kansas in 1995 (Ex. A-2, AG 000996).

**Analysis**

Plaintiff claims that KDHE discriminated against him on the basis of race and national origin when it failed to hire him. Plaintiff also asserts that KDHE failed to hire him in retaliation for his KHRC charge of discrimination on April 9, 2009. KDHE seeks summary judgment on each of plaintiff's claims. KDHE argues that plaintiff did not exhaust administrative remedies on his claims of race and national origin discrimination. KDHE also argues that plaintiff cannot establish a prima facie case of retaliation and/or that even if plaintiff set forth a prima facie case, KDHE has legitimate non-retaliatory reasons for not hiring him.

**I.    Title VII Race and National Origin Discrimination Claims**.

KDHE first asserts that it is entitled to summary judgment on plaintiff's claims of race and national origin discrimination because plaintiff did not exhaust administrative remedies.

Exhaustion of administrative remedies is a prerequisite to suit under Title VII. Simms v. Oklahoma, 165 F.3d 1321, 1326 (10th Cir. 1999). To exhaust administrative remedies, a plaintiff generally must present his claim to the EEOC or authorized state agency (in Kansas, the KHRC) and receive a right-to-sue letter based on that charge. Id. at 1326. The charge "shall be in writing and signed and shall be verified," 29 C.F.R. § 1601.9, and must at a minimum identify the parties and "describe generally the action or practices complained of," 29 C.F.R. § 1601.12(b). The charge tells the EEOC or KHRC what to investigate, provides the opportunity to conciliate the claim and gives the charged party notice of the alleged violation. Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003). The exhaustion requirement serves the dual purposes of ensuring that the administrative agency has the opportunity to investigate and conciliate the claims and providing notice of the claims to the charged party. See id.

KDHE asserts that plaintiff did not exhaust administrative remedies on his claims of race and national original discrimination. KDHE points out that on the KHRC Administrative Charge filed August 4, 2009, plaintiff marked only the space for retaliation and did not mark the space for race or national origin discrimination. Further, the Administrative Charge which plaintiff submitted on August 4, 2009 does not refer in any manner to race or national origin discrimination. It alleges the following facts:

I.  I have previously filed a discrimination complaint against [KDHE], the charge number is 32718-09.
II. I applied for the Health Educator position with the Respondent in April 2009, and in May 2009.
III. In April 2009, and in May 2009, I was denied a position of employment.

Although failure to mark the box for a particular allegation of discrimination is not dispositive, it creates a presumption that plaintiff did not assert claims represented by boxes not checked. Gunnell v. Utah Valley State Coll., 152 F.3d 1253, 1260 (10th Cir. 1998). Here, the Administrative Charge form does not contain any allegations to support Title VII claims of race or national origin discrimination. See Belcher v. Boeing Commercial Airplane Grp, 105 Fed. Appx. 222, 227 (10th Cir. 2004) (failure to exhaust remedies for retaliation where plaintiff marked box for racial discrimination, but not boxes for retaliation and disability discrimination, and narrative portion of administrative complaint contained no suggestion of retaliation); cf. Jones v. United Parcel Serv., 502 F.3d 1176, 1186 (10th Cir. 2007) (consideration of acts not expressly included in administrative charge appropriate where alleged conduct would fall within scope of EEOC investigation which would reasonably be expected to follow charge of discrimination actually made). Thus, the Administrative Charge of August of 2009 did not exhaust plaintiff's administrative remedies with respect race or national origin discrimination. The Court therefore finds that defendant is entitled

to summary judgment on plaintiff's claims of race and national origin discrimination.

## II.     Retaliation Claim

Plaintiff claims that in retaliation for his Administrative Charge of April 9, 2009, KDHE failed to hire him for the Worksite Wellness Specialist position for which he applied on May 31, 2009. To establish a prima facie case of retaliation, plaintiff must show that (1) he engaged in protected opposition to discrimination; (2) an employment decision adversely affected him; and (3) a causal connection links the adverse employment action and the protected activity. See Satterlee v. Allen Press, Inc., 443 F. Supp.2d 1236, 1245 (D. Kan. 2006) (FMLA retaliation); Jones v. Barnhart, 349 F.3d 1260, 1269 (10th Cir. 2003); Stevens v. Deluxe Fin. Servs., Inc., 199 F. Supp.2d 1128, 1150 (D. Kan. 2002). If plaintiff sets forth a prima facie case, the burden of production shifts to defendant to produce a legitimate, non-discriminatory reason for the adverse action. See Satterlee, 443 F. Supp.2d at 1245-46. If defendant produces evidence of a legitimate reason, plaintiff may still prevail if he offers evidence that the articulated reason was a mere pretext for discrimination. See id.

Here, the KHDE does not dispute that plaintiff's filing of a KHRC complaint on April 9, 2009 constitutes protected activity. Further, failure to hire plaintiff for the Worksite Wellness Specialist position in August of 2009 was an adverse employment action. See Beams v. Norton, 335 F. Supp.2d 1135, 1155 (D. Kan. 2004). Defendant asserts, however, that plaintiff cannot demonstrate a causal connection between his charge of discrimination on April 9, 2009 and its failure to hire him on August 13, 2009. Plaintiff may show a causal connection with "evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." See Wells v. Colorado Dep't of Transp., 325 F.3d 1205, 1218 (10th Cir. 2003) (to establish

causal connection, plaintiff must show that defendant's motive for taking adverse action was retaliatory, or point to circumstances which justify inference of retaliatory motive).

Here, plaintiff does not point to any facts which demonstrate that KDHE had a retaliatory motive for not hiring him.[5] Further, KDHE asserts that plaintiff can not establish a temporal proximity sufficient to create an inference of retaliation. Plaintiff filed his prior KHRC complaint on April 9, 2009. Four months later, on August 13, 2009, KDHE informed plaintiff that it had decided not to hire him. KDHE argues that a four month gap is insufficient, in itself, to establish a causal connection. See Meiners v. Univ. of Kan., 359 F.3d 1222, 1231 (10th Cir. 2004) (three months and one week too long to establish causation by temporal proximity alone). It is not clear to the Court however, that the date of the rejection letter is the relevant date; the date when defendant decided not to hire defendant is arguably more relevant. Even assuming plaintiff can establish a prima facie case of retaliation, however, he has not shown a genuine issue of material fact whether defendant's proffered reason for its decision not to hire him is pretextual.

Plaintiff may show pretext by demonstrating such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered reasons that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the non-discriminatory reasons asserted. See Satterlee, 443 F. Supp.2d at 1245-46 (quoting Anderson v. Coors Brewing Co., 1171, 1179 (10th Cir. 1999)). Mere conjecture that the employer's explanation is pretext is insufficient, however, to defeat summary judgment. Id.

---

[5] Plaintiff states that he believes that KHDE discriminated against him because he has applied for many positions as nursing home administrator, but no potential employers have called him regarding these applications. Defendant points to the undisputed fact that it does not hire administrators for private nursing homes and plays no role in hiring administrators for nursing homes.

Here, the record clearly shows that plaintiff's application was not complete. On June 1, 2009, KDHE informed plaintiff that his application was incomplete and that unless he submitted a complete application, KDHE would not consider him for employment. Plaintiff did not submit a completed application, and KDHE did not consider him for the position.[6] Plaintiff has not shown any inconsistencies or contradictions in defendant's proffered reason for not hiring him. The record contains no evidence to support plaintiff's claim that defendant failed to hire him for retaliatory reasons. The Court therefore finds that KDHE is entitled to summary judgment on this claim.

**IT IS THEREFORE ORDERED** that the Memorandum In Support Of Defendant's Motion For Summary Judgment (Doc. #38) filed October 13, 2010 which the Court construes as defendant's motion for summary judgment be and hereby is **SUSTAINED.**

Dated this 15th day of March, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United Stated District Judge

---

[6] The uncontroverted evidence further shows that even if plaintiff had submitted a complete application, KDHE would not have hired him because it found a more qualified candidate.