IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| EMMANUEL M. AZZUN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 10-2009-KHV |
| | ) | |
| KANSAS DEPARTMENT OF HEALTH | ) | |
| AND ENVIRONMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's <u>Motion To Seal And Remove All Publications From The Internet To The Public And On The Website</u> (Doc. #82) filed December 9, 2019. For reasons stated below, the Court overrules plaintiff's motion.

Federal courts have long recognized a common-law right of access to judicial records. <u>Mann v. Boatright</u>, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. <u>See</u> <u>Nixon v. Warner Commc'ns</u>, 435 U.S. 589, 599 (1978); <u>Crystal Grower's Corp. v. Dobbins</u>, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. <u>Crystal Grower's</u>, 616 F.2d at 461-62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. <u>Helm v. Kansas</u>, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. <u>See</u> <u>Colony Ins. Co. v. Burke</u>, 698 F.3d 1222, 1241 (10th Cir. 2012). The parties must articulate a real and substantial interest that

justifies depriving the public of access to the records that inform the Court's decision-making process. Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

This Court and the Tenth Circuit Court of Appeals have previously overruled plaintiff's requests to seal this case.[1] Plaintiff again asks the Court to "seal and remove any publication of this case," but he does not specifically explain how his interest in non-disclosure of the information outweighs the public interest in open courts. See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access). Plaintiff offers conclusory allegations that publication of the case "puts his family . . . in danger [for] their safety," Doc. #82 at 1, but he does not suggest that any such threats are credible based on this case – which asserts employment discrimination under Title VII of the Civil Rights Act. Finally, the Court cannot undo publication on the internet or otherwise undo the public nature of the case – which plaintiff filed in January of 2010. The Court overrules plaintiff's motion to seal.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Seal And Remove All Publications From The Internet To The Public And On The Website (Doc. #82) filed December 9, 2019 is **OVERRULED**.

---

[1] On March 15, 2010, Magistrate Judge James P. O'Hara denied plaintiff's motion to seal. See Order (Doc. #19). On March 15, 2011, the Court overruled plaintiff's motion to seal and sustained defendant's motion for summary judgment. See Memorandum And Order (Doc. #72). In granting plaintiff's motion for voluntary dismissal of his appeal of the summary judgment order, the Tenth Circuit also denied plaintiff's request to seal. See Order (Doc. #78) filed April 21, 2011 at 2 ("To the extent the portion of Dr. Azzun's motion for voluntary dismissal that refers to sealing can be construed as request to seal this appeal, the court DENIES that request."). On August 11, 2011, this Court again denied plaintiff's request to seal. See Order (Doc. #80).

Dated this 14th day of January, 2020 at Kansas City, Kansas.

                                              s/ Kathryn H. Vratil
                                              KATHRYN H. VRATIL
                                              United States District Judge