# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EMMANUEL M. AZZUN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KANSAS DEPARTMENT OF HEALTH )<br>AND ENVIRONMENT, )<br>)<br>Defendant. )<br>_____)| CIVIL ACTION<br><br>No. 10-2009-KHV |

## MEMORANDUM AND ORDER

Plaintiff filed suit pro se against the Kansas Department of Health and Environment, alleging race and national origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. On March 15, 2011, the Court sustained defendant's motion for summary judgment. Memorandum and Order (Doc. #72). On April 21, 2011, the Tenth Circuit granted plaintiff's request to voluntarily dismiss his appeal. Order (Doc. #78). On January 14, 2020, the Court overruled plaintiff's motion to seal the case. Memorandum and Order (Doc. #83). This matter is before the Court on plaintiff's letter (Doc. #84) filed February 5, 2020, which the Court construes as a motion to reconsider the order on plaintiff's motion to seal. For reasons stated below, the Court overrules plaintiff's motion.

## Legal Standards

The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Such motions are not appropriate to ask the Court to revisit issues already addressed or to

hear new arguments or supporting facts that could have been presented originally. See Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1209 n.2 (10th Cir. 2001); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Reconsideration may be appropriate, however, if the Court has misapprehended the facts, a party's position or the controlling law. See Servants of Paraclete, 204 F.3d at 1012.

**Analysis**

Plaintiff apparently asks the Court to reconsider its ruling on his motion to seal. He does not assert a change in controlling law or discovery of new evidence. Liberally construed, plaintiff's motion asserts the need to prevent manifest injustice based on "safety reasons." Letter (Doc. #84) at 1. Plaintiff states that "[t]hese people really hurt me out of fear and assumption." Id. As with his motion to seal this case, however, plaintiff does not explain any basis for his fear or why any alleged threats are credible based on the nature of this case — which asserts employment discrimination under Title VII of the Civil Rights Act. In sum, plaintiff has not shown a sufficient basis for the Court to reconsider its ruling on his motion to seal.[1]

**IT IS THEREFORE ORDERED** that plaintiff's letter (Doc. #84) filed February 5, 2020, which the Court construes as a motion to reconsider the Memorandum and Order (Doc. #83) filed January 14, 2020, is **OVERRULED**.

Dated this 27th day of March, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] To the extent that plaintiff's letter could be construed as a motion to alter or amend the original judgment entered in 2011, plaintiff has not cited any exception to the law of the case doctrine or otherwise shown a basis for the Court to consider his motion some nine years after the judgment.